IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DARRIS L. LUMPKIN,

    Plaintiff,

vs.

UNITED RECOVERY SYSTEMS, LP,
formerly United Recovery Systems, Inc.,

    Defendant.

Case No. 06-CV-684-GKF-FHM

**OPINION AND ORDER**

Defendant's Motion for Protective Order [Dkt. 49] is before the undersigned United States Magistrate Judge for consideration. Defendant's Motion is GRANTED. A Protective Order is entered separately.

Plaintiff has requested discovery information and documentation from Defendants which includes: personnel records and employment information regarding current and/or former employees of Defendant; compensation, benefit, retirement, and insurance records of Defendant's current and/or former employees; documents and information regarding Defendant's business, operations, and finances, including proprietary information and trade secrets. Although these areas are appropriate for discovery, the information concerns current and former employees who have a reasonable expectation of privacy which should be respected, and also includes information considered personal and confidential by Defendant. The Court therefore concludes that it is appropriate to enter a protective order in this case. Fed.R.Civ.P. 26(c).

The Court has considered Plaintiff's objections to the form of protective order submitted by Defendant and finds them to be unfounded. The provisions of the proposed protective order are not "overbroad," nor do they seek to "deny Plaintiff the right to discover

relevant documents and evidence." [Dkt. 51, p. 2].  The protective order proposed by Defendant permits documents designated as "confidential" to be used with deponents in the lawsuit in connection with their testimony about such materials in the lawsuit and also permits the disclosure of confidential documents to any person who is reasonably expected to be a witness in the lawsuit.  Since the protective order permits such disclosure of confidential documents to witnesses, it clearly does not prohibit either party from using confidential documents at trial.  The provision which permits either party to designate information as "confidential" is reasonable in that it permits discovery to be exchanged expeditiously.  Any over-designation of information as confidential under that category can be brought to the Court's attention by way of motion without impeding the production of discovery.

The Court finds that the protective order proposed by Defendant is reasonable in scope and does not restrain Plaintiff's ability to litigate his claims in this case.

Defendant's Motion for Protective Order [Dkt. 49] is GRANTED.  A Protective Order is entered separately.

SO ORDERED this 28th day of July, 2008.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE