## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRIS L. LUMPKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 06-CV-684 -GKF-FHM |
| UNITED RECOVERY SYSTEMS, L.P. ) | |
| formerly United Recovery Systems, Inc., ) | |
| ) | |
| Defendant. ) | |

### OPINION AND O R D E R

This matter comes before the court on plaintiff Darris L. Lumpkin's Rule 60(b) Amended Motion to Vacate Judgment and Order New Trial [Doc. No. 107 (unsealed) and Doc. No. 108 (sealed)], and his Rule 59(e) and 52(b) Motion to Alter or Amend Order in Support of New Trial; Make Additional Findings of Facts and/or Conclusions of Law; Alter or Amend Prior Findings of Facts and/or Conclusions of Law [Doc. No. 109].[1]  For the reasons set forth below, the motions are denied.

This is an employment discrimination action filed by plaintiff against his former employer, United Recovery Systems, L.P. ("URS").  Plaintiff, who was terminated from his

---

[1] On February 13, 2009, plaintiff filed a Rule 60(b) Motion to Vacate Judgment and Order New Trial [Doc. Nos. 100 (sealed) and 101 (unsealed)].  The brief in support of the motion [Doc. No. 103] exceeded the 25-page limit set by local rules.  Also on February 13, 2009, plaintiff filed a Rule 52(b) and 59(e) Motion Requesting the Court to Alter or Amend Order. [Doc. No. 103]. Plaintiffs' Motion for Leave Requesting Permission of the Court to Exceed Page Limitation on the Rule 52(b) and 59(e) Motion [Doc. No. 102] was denied and plaintiff was granted until February 26, 2009, to refile his brief in support of the motion. [Doc. No. 106].  On February 18, plaintiff filed an Amended Rule 60(b) motion [Doc. No. 107 (unsealed/redacted) and Doc. No. 108 (sealed)].  On February 24, 2009, plaintiff filed his Amended Rule 52(b) and 59(e) Motion [Doc. No. 109].  Thus, the earlier motions [Doc. Nos. 100,101 and 103] appear have been superceded and rendered moot by the filing of the amended motions.

employment on December 2, 2004, asserted claims for race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"); hostile work environment in violation of Title VII and the Civil Rights Act of 1991, 42. U.S.C. §1981; retaliatory discharge in violation of §1981; and race discrimination in violation of §1981.

On February 3, 2009, the court granted defendant's Motion for Summary Judgment on all of plaintiffs' claims [Doc. No. 96] and entered judgment in favor of defendants [Doc. No. 97]. Plaintiff subsequently filed the pending motions.

Rule 60 of the Federal Rules of Civil Procedure allows parties to move for relief from a final judgment, order or proceeding for the following reasons:

(1)  Mistake, inadvertence, surprise or excusable neglect;

(2)  Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party;

(4)  the judgment is void;

(5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively Is no longer equitable; or

(6)  any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

Under Rule 59(e) a party may move, within 10 days after the entry of a judgment, to "alter or amend a judgment." Fed.R.Civ.P. 59(e).[2]

---

[2]Rule 52(b) permits filing of motions to alter or amend findings of fact and conclusions of law entered by a court after trial on the facts without a jury. Fed.R.Civ.P. 52(b). This rule appears to be inapplicable here, since plaintiff is challenging the court's ruling on a summary

### I. Standard of Review

Rule 60(b) and Rule 59(e) motions are both essentially motions to reconsider the court's ruling on summary judgment, the distinction being that a Rule 59(e) motion must be filed within 10 days of judgment, while a Rule 60(b) motion must be filed "within a reasonable time" and for motions based on reasons (1), (2) and (3), no more than one year after entry of the judgment. *See Van Skiver v. United States,* 952 F.2d 1241,1243 (10th Cir. 1992). The grant or denial of a motion to reconsider is committed to the trial court's sound discretion. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir. 1988).

### A. Rule 59(e)

"[A] Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *Syntroleum Corp. v. Fletcher Int'l, Ltd.,* No. 08-CV-384-JHP-FHM, 2009 WL 761322, at *1 (N.D. Okla. March 19, 2009) (quoting *Maul v. Logan Cty. Bd. of Cty. Comm'rs,* No. CIV-05-605, 2006 WL 3447629, at *1 (W.D. Okla. Nov. 29, 2006)). A motion to reconsider may be considered on the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995)). In other words, when the court has "misapprehended the facts, a party's position, or the controlling law," a motion to reconsider is appropriate. *Id.; see Syntroleum Corp.,* 2009 WL 761322, at *1. Parties' efforts to "revisit

---

judgment motion, which contained no findings of fact or conclusions of law.

issues already addressed or advance arguments that could have been raised in prior briefing" will not be considered. *Maul,* 2006 WL 3447629, at *1.

### B. Rule 60(b)

Rule 60(b) sets out specific grounds warranting relief from judgment. However, as with Rule 59(e), the purpose of Rule 60(b) is *not* to revisit issues already addressed by the court or consider "new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed." *Van Skiver,* 952 F.2d at 1243. Relief under Rule 60(b) is extraordinary and limited to certain exceptional circumstances. *Massengale v. Oklahoma Board of Examiners in Optometry,* 30 F.3d 1325, 1330 (10th Cir. 1994); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.,* 909 F.2d 1437, 1440 (10th Cir. 1994). A Rule 60(b) motion addresses matters outside the issues on which the judgment was entered. *Brown v. McCormick,* 608 F.2d 410, 413 (10th Cir. 1979).

### II. Analysis

Most of plaintiff's arguments in support of his motions have been previously urged by plaintiff and considered by the court at the summary judgment stage. Specifically, plaintiff contends–as he did at summary judgment–that conduct by URS employees Brian Perkins, Larry Newland and Sean Dickson created a hostile work environment, that URS failed to investigate and address the alleged racial harassment, that the employer's stated reason for terminating plaintiff was pretextual and that he was terminated in retaliation for making internal complaints of harassment and filing an EEOC charge. These matters were considered at length by the court in its Opinion and Order [Doc. No. 96, pp. 6-9, 11-18]. Neither Rule 59(e) nor Rule 60(b) allows a rehash of facts and arguments already presented to serve as a basis for reconsideration.

However, plaintiff presents two new arguments: First, plaintiff accuses defendant of "witness tampering"–specifically concealing from him that a former coworker and potential witness in the case, Brian Redmond, had returned to URS. Second, plaintiff argues his most recent attorney, Jeff Nix, did not adequately represent him.

### A.  Brian Redmond

Plaintiff alleges defendant "intentionally prevent[ed]" a key witness with discoverable information from being deposed" and "purposely hid Mr. Redmond to prevent preserving his testimony." [Doc. No. 109, p. 5].

Plaintiff was discharged by URS in 2004 and filed this action in 2006. Brian Redmond was a coworker of plaintiff at URS who overheard statements made to plaintiff by URS workers Brian Perkins and Larry Newland. According to URS, Redmond left the employment of URS in August of 2007 and was rehired by URS at its Arizona facility on June 4, 2008. [Doc. No. 112, p. 8].

In its Preliminary Witness List dated July 1, 2008, URS identified Redmond as a "Former URS Employee/Address Unknown." [Doc. 107, Ex. 2, p. 3]. Thus, it appears at the time URS filed its Preliminary Witness List, Redmond had already returned to URS. Therefore, the information URS provided in its Preliminary Witness List concerning Redmond was inaccurate.

Discovery cutoff in the case was September 1, 2008. [Doc. No. 47].

In its Pretrial Disclosures filed January 21, 2009, URS again identified Redmond as a potential witness, stating in the "address" section: "c/o Michael J. Lissau Hall, Estill..." as it did for other URS employees. In an e-mail to plaintiff, URS attorney Lissau stated, "So you are aware, Brian Redmond did rejoin URS last year." [Doc. No. 107, Ex. 1-A]. This information

was provided after discovery cutoff and completion of summary judgment briefing.

However, the record also reveals plaintiff and his attorneys–for their part–made no effort to locate and depose Redmond. Plaintiff testified in his deposition that he lived in the same apartment complex as Redmond and had seen him "every now then" [*sic*] at the apartment complex and at Quik Trip (a local convenience store) between 2005 and 2007. [Doc. No. 112-2, Ex. A, p. 228, ll. 10-22]. Similarly, plaintiff stated in interrogatory responses that he had seen Redmond in 2006 and 2007 at Quik Trip. [Doc. 112-3, Ex. B., Response to Interrogatory No. 8]. Further, in his own interrogatories to defendant, plaintiff did not seek the last known contact information for Redmond, although he requested such information on other URS employees. [Doc. No. 112-4, Ex. C, Interrogatory No. 13]. Neither plaintiff nor his attorneys ever requested Redmond's deposition.

Although URS erred in not providing plaintiff with current information on Redmond in its Preliminary Witness List, plaintiff has presented no evidence URS or its attorneys intentionally "hid" Redmond or prevented his deposition.

Furthermore, the court has reviewed exhibits submitted by plaintiff in support of his argument that Redmond was a "key witness." The evidence consists of an EEOC charge filed by Redmond against URS on May 24, 2004 [Doc. No. 107, Ex. 4], and statements alleged to have been made by Redmond and recorded by plaintiff on April 29, 2004, and November 8, 2004, and transcribed on February 12, 2009 [*Id.*, Exs. 5-6].[3]   The EEOC charge and Redmond's

---

[3] Plaintiff also submits a transcript of an alleged conversation between Brian Perkins and Doug McCann, URS's human resources manager, concerning the t-shirt Lumpkin had given Perkins at a Christmas gift exchange party. [Doc. No. 107, Ex. 7]. Without ruling on the admissibility of the alleged transcribed recordings and statements submitted by plaintiff, the court notes *all* recordings appear to have been in plaintiff's possession since 2004 and are

6

statements pertain to comments Redmond heard Brian Perkins, Larry Newland, and Sean Dickson make to plaintiff in 2004. As previously noted, the Perkins, Newland and Dickson comments were addressed extensively by the court in its Opinion and Order. Nothing in the EEOC charge or the statements by Redmond adds anything of material value to consideration of the hostile work environment claim. He was a witness to the conversations, and his testimony appears to be merely cumulative, confirming plaintiff's testimony. Evidence that is cumulative in nature and would not change the result of the challenged ruling is not grounds for reconsideration. *See Nutter v. Wefald,* 885 F.Supp. 1445, 1451 (D. Kan. 1995), citing *Joseph v. Terminix Intern. Co.,* 17 F.3d 1282, 1285 (10th Cir. 1994) (quoting *Graham v. Wyeth Labs.,* 906 F.2d 1399, 1416 (10th Cir. 1990) *cert. denied,* 498 U.S. 981).

Therefore the court further concludes Redmond's testimony would not have materially affected its summary judgment decision.

## B. Adequacy of Counsel

Plaintiff contends the summary judgment ruling should be reconsidered under Rule 60(b)(1) "excusable neglect" ground. He claims his last attorney of record, Jeff Nix, "failed to vindicate Plaintiff's cause." [Doc. No. 107, p. 5].[4] Plaintiff states:

---

therefore not newly discovered evidence.

[4]Plaintiff was first represented by Andre L. Carolina, Kenneth L. Morgan, and Thomas Mortensen, who filed this action on December 20, 2006. [Doc. No. 2]. In December 2007, those attorneys were allowed to withdraw because plaintiff had retained new counsel, Jean Walpole Coulter. [Doc. Nos.28, 30-31]. In March of 2008, Paul Boudreaux and Gary Richardson of the Richardson Law Firm entered appearances on behalf of plaintiff [Doc. Nos. 38-39], and in April of 2008, Coulter was permitted to withdraw because plaintiff desired to "terminate her representation." [Doc. Nos. 42-43]. In September 2008, Boudreaux and Richardson withdrew based on an "unresolvable conflict in the attorney-client relationship," and were replaced by Jeff Nix [Doc. Nos. 58-62]. Following completion of summary judgment briefing, Nix was

> Mr. Nix failed to present the proper *facts, evidence/exhibits* and *signed affidavits* which were very necessary and adequate to rebut the Defendants Motion for Summary Judgment.  These are not just acts of inadvertence or carelessness, but pure neglect.

[*Id.,* pp. 5-6].  Rule 60(b)(1) typically affords relief from errors such failure to meet filing deadlines.  For example, in *Bateman v. U.S. Postal Serv.,* 231 F.3d 1220 (9th Cir. 2000), the court granted relief under Rule 60(b)(1) where plaintiff in an employment discrimination had failed to respond timely to a motion for summary judgment because his attorney was out of town on a family emergency.  Similarly, in *Walter v. Blue Cross & Blue Shield United Of Wisconsin,* 181 F.3d 1198 (11th Cir.1999), plaintiff's attorney's untimely response to a motion to dismiss due to a secretary's failure to properly docket the deadline was ruled to be "excusable neglect" under Rule 60(b)(1).  In contrast, courts have held that a defeated litigant cannot set aside a judgment because of a failure to interpose a defense, which could have been presented at the summary judgment stage, *see Bank of American Nat. Trust & Sav. Ass'n v. Mamakos,* 509 F.2d 1217, 1219 (9th Cir. 1975); or because of a failure to present in a motion for summary judgment all of the facts known to him that might have been useful to the court.  *See School Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236.  Failure to seek out a witness does not justify the grant of a new trial under Rule 60(b)(1).  *Parrilla-Lopez v. U.S.,* 841 F.2d 16, 20 (1st Cir. 1988).  Reliance on an unsuccessful legal theory does not warrant relief from judgment.  *Federal's Inc. v. Edmonton Inv. Co.,* 555 F.2d 577, 583 (6th Cir. 1977).  These grounds are considered affirmative tactical decisions for which relief

---

permitted to withdraw in November 2008 because plaintiff fired him. [Doc. Nos. 79-80].

will not be granted. 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §2858.

Here, plaintiff missed no filing deadlines. His attorney filed a timely and detailed response to the defendant's summary judgment [Doc. No. 72] and an amended response brief [Doc. No. 73], both of which (with the court's permission) exceeded page limitations set by local rules. Furthermore, plaintiff, after terminating his attorney, was permitted to file a surreply brief to defendant's reply brief [Doc. No. 81]. Plaintiff's dissatisfaction with his attorney and the briefing of the summary judgment motion does not warrant reconsideration under Rule 60(b)(1) or Rule 59(e).

### III. Conclusion

For the reasons set forth above, plaintiff's Motion to Vacate Judgment and Order New Trial [Doc. Nos. 107, 108] and Motion to Alter or Amend Order [Doc. No. 109] are denied. The previous, superceded motions [Doc. Nos. 100, 101 and 103] are moot.

ENTERED this 16th day of July, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma